IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


RICHARD STEVENS,

    Plaintiff,

v.	CASE NO. 5:15cv204-RH/GRJ

KEYSTONE AUTOMOTIVE INDUSTRIES,

    Defendant.

_____/

## ORDER COMPELLING DISCOVERY

    The defendant has moved to compel complete answers to its interrogatories 13 and 17. Interrogatory 13 includes a request to produce documents. The plaintiff has failed to respond to the motion to compel as required by Local Rule 7.1, and the deadline for responding has passed.

    The plaintiff failed to provide at least some information that should have been provided. For material allegedly protected by the work-product doctrine, the plaintiff failed to provide a privilege log. Based on the substance of the motion and the plaintiff's failure to respond, this order compels complete answers to the interrogatories and production of the requested documents.

Under Federal Rule of Civil Procedure 37(a)(5)(A), if a motion to compel discovery is granted, the party or attorney whose conduct necessitated the motion "must" be ordered to pay the reasonable expenses incurred in making the motion, including attorney's fees, unless the moving party filed the motion without attempting in good faith to obtain the discovery without court action, or the failure to make discovery was "substantially justified," or "other circumstances make an award of expenses unjust." Unless these conditions are met, an award of expenses is "mandatory." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. Unit A June 1981)). A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations, quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163.

Here the plaintiff had a substantially justified basis for claiming work-product protection for at least some of the information at issue. The plaintiff did not have a substantially justified basis for not responding to the motion to compel, but that is a different matter. This order does not award attorney's fees.

For these reasons,

IT IS ORDERED:

The motion to compel, ECF No. 14, is granted.  By January 5, 2016, the plaintiff must serve sworn, complete answers to interrogatories 13 and 17, and must produce the documents requested in interrogatory 13.

SO ORDERED on December 23, 2015.

s/Robert L. Hinkle<br>United States District Judge